UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND L. BAKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:12 CV 1321 RWS |
| | ) | |
| MICHAEL BOWERSOX, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

Petitioner Raymond Baker seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I referred this matter to United States Magistrate Judge Noelle C. Collins for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On April 9, 2015, the Magistrate Judge filed her recommendation that Baker's habeas petition should be denied.

Baker's objections to the Report and Recommendation were due by April 23, 2015, but Baker did not file any objections by that date. However, on May 11, 2015, Baker filed a motion for certificate of appealability. In Baker's motion, he challenges each of the Magistrate Judge's recommendations. As a result, I have construed Baker's motion for a certificate of appealability as objections to the Magistrate Judge's Report and Recommendation, and I have conducted a *de novo* review of all matters relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of the Magistrate Judge and I will deny Baker's habeas petition.

After a jury trial, Baker was convicted of attempted first-degree robbery, second-degree felony murder, and two counts of armed criminal action. He was sentenced to five years imprisonment for the attempted robbery count, six years imprisonment for the armed criminal action count related to the attempted robbery count, nineteen years imprisonment for the second-

degree felony murder count, and ten years imprisonment for the armed criminal action count related to the felony murder count. The sentences for the attempted robbery and related armed criminal action counts were to run concurrent with each other and consecutive to the concurrent sentences for the second degree murder and related armed criminal action counts. Thus, Petitioner's total sentence was twenty-five years imprisonment.

In his § 2254 Petition, Baker alleges three grounds for relief:

(1) The trial court erred in allowing hearsay and prejudicial testimony of Angel Davis;

(2) The trial court abused its discretion in overruling Petitioner's objection to the prosecutor's urging the jury, during closing arguments, to "send a message" to the community; and

(3) Petitioner received ineffective assistance of counsel because his trial counsel failed to object to statements made by the prosecution during closing arguments in the penalty phase.

The Magistrate Judge carefully considered each of these claims. The Magistrate Judge correctly concluded that Baker's claims in Ground 1 do not rise to the level of constitutional magnitude, and therefore are not cognizable under federal law. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Magistrate Judge further found that, even if the claims in Ground 1 were properly considered on their merits, they would fail. *See* [#22]. The Magistrate Judge also correctly concluded that Baker's claims in Grounds 2 and 3 failed on the merits. *See id.*

In his objections, Baker argues that the Magistrate Judge erred in determining that all three of his grounds for relief should be denied. Baker's objections mirror the arguments he made in his habeas petition and do not present any new legal arguments or claims for relief. I have carefully reviewed the Magistrate Judge's Report and Recommendation and find that the Magistrate Judge correctly concluded that Baker's Petition for habeas relief should be denied. I

have conducted *de novo* review of Baker's objections and find that they are without merit for the same reasons stated in the Report and Recommendation. Baker's objections are overruled, and I adopt and sustain the Magistrate Judge's thorough reasoning in her Report and Recommendation.

I have also considered whether to issue a certificate of appealability based on the claims raised in Baker's habeas petition and in his objections. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Baker has not made such a showing on the grounds raised in his petition or in his objections. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Raymond L. Baker's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of September, 2015.